UNITED STATES DISTRICT COURT c
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MARY SELF BANKSTON, ET AL., Plaintiffs | CASE NO. 3:16-CV-01368 |
| VERSUS | JUDGE JAMES |
| CLAY HAMILTON, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court are Plaintiffs' Motions for Leave to Amend. (Docs. 16, 23).

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within 21 days after serving it[.]" "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In cases where a party seeks to supplement its pleading setting forth events occurring after the date of the pleading to be supplemented, a court may permit that supplementation as well. Fed. R. Civ. P. 15(d). The standards for Rule 15(a) and 15(d) are essentially the same. Jackson v. Walker, Civ. No. 13-2247, 2014 WL 1912362, at *2 (W.D. La. May 13, 2014) (citation omitted).

The language of Rule 15(a) "evidences a bias in favor of granting leave to amend." Legate v. Livingston, 822 F.3d 207, 211 (5th Cir. 2016) (citations omitted). However, if the motion to amend is futile, the court does not need to grant it. Id. (citing Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000)). "Futility is

determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." Id.

The amended complaints essentially set forth the same allegations as the original complaint, but with additional allegations relating to criminal activity on the part of Defendants. To the extent that Plaintiffs seek to bring criminal charges against Defendants, including mail fraud against Defendant Douglas Self, Plaintiffs do not have the power to do that through this action. (See Docs. 16, 20). "[A] private citizen cannot enforce criminal statutes in a civil action." Florance v. Buchmeyer, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007) (citing Vella v. McCammon, No. Civ. H-85-5580, 1986 WL 15772, at *2 (S.D. Tex. Jul. 29, 1986) (holding that plaintiff's allegations that defendants committed extortion and criminal conspiracy under federal law did not give rise to a civil cause of action)). That power belongs to the executive branch.

Other than the criminal complaints, Plaintiffs generally re-urge claims against the same Defendants as found in their initial and first amended complaint. As discussed more fully in the Report and Recommendation, the undersigned recommends dismissal of the case as Defendants are not state actors and therefore not amenable to suit under 42 U.S.C. § 1983. Plaintiffs' amended complaint states no additional arguments that would overcome dismissal. Amendment would be futile.

Therefore, Plaintiffs' Motions for Leave to Amend are DENIED. (Docs. 16, 23).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_27th\_\_ day of January, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

2