UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

c

| | |
|---|---|
| MARY SELF BANKSTON, ET AL., <br> Plaintiffs | CASE NO. 3:16-CV-01368 |
| VERSUS | JUDGE JAMES |
| CLAY HAMILTON, ET AL., <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Mary Self Bankston, on behalf of a minor child, and Geneiva Self Bankston (collectively, "Plaintiffs"). Plaintiffs allege that Defendants conspired to deprive Plaintiffs of property following a succession proceeding in state court. Plaintiffs seek to have the two previous succession proceedings declared null and void, and to have attorney Defendants Clay Hamilton and Brian Thompson (collectively, "attorney Defendants") pay fees and interest for their roles in the succession proceedings, and to be given restitution for their financial loss. Plaintiffs state that the attorney Defendants and Judge Ann McIntyre[1] are being sued in their capacity as judicial officers of the state court. Additional Defendants include Douglas Self, Geraldine Johnson, James M. Miller, the Fifth District State Court, the Louisiana Second Circuit Court of Appeal, and the Louisiana Supreme Court.

---

[1] Judge Ann B. McIntyre's name is misspelled in the Complaint and the caption. The correct spelling of her name is reflected in this Report and Recommendation.

Plaintiffs allege that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441[2], Federal Rules of Civil Procedure 12(b)(1)[3], 12(h)(3)[4], 8(f)[5], 28 U.S.C. § 1343, 15 U.S.C. § 1122[6], 42 U.S.C. § 1983, 42 U.S.C. § 14141[7], 42 U.S.C. § 12202[8], and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

I. <u>Background</u>

Defendant Clay Hamilton was employed to handle the successions of Plaintiffs' mother and father, who died in 2006 and 2010. Brian Thompson was hired to represent Mary and Geneiva Bankston's interests in the succession of the father. Plaintiffs' claims appear to center upon the signing of a judgment of possession on February 18, 2014, following their father's death. Plaintiffs appear to allege that the property in the father's succession did not actually belong to their father, but was

---

[2] Plaintiffs allege jurisdiction under 28 U.S.C. § 1441 (removal of civil actions). This statute is inapplicable to this case as this action was not removed from state court.

[3] This is not a basis for subject matter jurisdiction. Furthermore, the rule cited refers to defenses a party may assert by motion, including lack of subject-matter jurisdiction.

[4] This federal rule is not a basis for this Court's jurisdiction, but instead allows for the court to dismiss the action at any time if it determines the case lacks subject-matter jurisdiction.

[5] Federal Rule of Civil Procedure 8(f) does not exist. Rule 8(a) through 8(e) contain the general rules of pleading.

[6] This statute waives immunity from suit by the United States and the individual states for a violation under this chapter. The chapter pertains to trademarks and is inapplicable to this case.

[7] 42 U.S.C. § 14141 pertains to Violent Crime Control and Law Enforcement. Specifically, section A refers to unlawful conduct by officials with responsibility for the administration of juvenile justice or their incarceration, and section B refers to civil action by the Attorney General. It is inapplicable to this case.

[8] This statute refers to state immunity in actions for violations of the Americans with Disabilities Act. It is inapplicable to this case.

previously inherited by Plaintiffs from their mother. Plaintiffs appealed to the Louisiana Second Circuit Court of Appeal and the Louisiana Supreme Court. Those Courts are listed as Defendants and are alleged to be part of the conspiracy to deprive Plaintiffs of their property, following a denial of their appeal and the writs filed in the Louisiana Supreme Court.

Plaintiffs first supplemental complaint did not include any new claims or events, and only added two additional Defendants, Geraldine Johnson and Douglas Self. (Doc. 11, p. 2). Plaintiffs cited Lugar v. Edmonson Oil Co., and stated that Defendants Johnson and Self had acted under color of state law by applying a state prejudgment statute. (Doc. 11, p. 1).

Plaintiffs filed a Motion for Leave to File Second Supplemental Complaint and submitted their proposed pleading. Plaintiffs claim that Defendant Douglas Self subjected Plaintiffs to mail fraud under 18 U.S.C. § 1341.

Plaintiffs filed a Motion for Leave to File Third Supplemental Complaint and submitted their proposed pleading. Plaintiffs reiterate their claims that Defendants collaborated to devise a scheme to defraud Plaintiffs out of their deceased parents' property. They appear to respond to the Second Circuit's Motion to Dismiss by stating that the Second Circuit's argument regarding Eleventh Amendment immunity was an "improper vehicle" and would deny Plaintiffs the due process of law. Plaintiffs additionally claim that the motion was filed for the "improper purpose to harass, cause unnecessary delay, and needlessly increase the cost of litigation [ . . . ]". (Doc. 23, pp. 3-5). Plaintiffs cite to 42 U.S.C. § 12202 and allege that the statute provides

that "State [sic] shall not be immune under the eleventh amendment [ . . . ] for a violation of this chapter."[9] Plaintiffs further state that on November 28, 2016, Defendants "criminally executed" a judgment from February 18, 2014 against property belonging to Plaintiffs from both parents estates.

## II. Standards of Review

A *pro se* complaint filed *in forma pauperis* is subject to screening under § 1915(e)(2)(b). That section provides for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous "if it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The law accords judges "the authority to dismiss a claim based on an indisputably meritless legal theory[.]" Id. at 327.

Additionally, the Court must initially examine the basis for federal subject matter jurisdiction. Federal district courts have limited jurisdiction and, unless provided by statute, only have jurisdiction over: (1) civil actions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Subject matter jurisdiction is nonwaivable. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Plaintiffs bear the burden

---

[9] As previously noted in Footnote 8, this statute refers to state immunity in actions for violations of the Americans with Disabilities Act, and is inapplicable to this case.

4

of showing the basis for subject matter jurisdiction. Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995).

Since Plaintiffs do not allege, nor does the Complaint support, diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), this Court may only exercise jurisdiction if it has federal question jurisdiction. Plaintiffs' have asserted a federal question claim under 42 U.S.C. § 1983 for alleged violations of federal constitutional rights. Furthermore, pursuant to 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over Plaintiffs' state law claims only if it also has federal question jurisdiction over some claim. However, "[w]hen a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." Dilworth v. Dallas County Community College Dist., 81 F.3d 616, 617 (5th Cir. 1996). When a complaint lacks essential elements giving rise to federal jurisdiction, the action is subject to dismissal. See Olivares v. Martin, 555 F.2d 1192, 1195-96 (5th Cir. 1977).

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal if the plaintiff fails "to state a claim upon which relief can be granted." "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The

5

court must view all well-pleaded facts in the light most favorable to the plaintiff. <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 174 (5th Cir. 2016). Although the court must accept all factual allegations as true, that same presumption does not extend to legal conclusions. <u>Iqbal</u>, 556 U.S. 662. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement.'" <u>Id.</u> at 678 (citations omitted).

### III. <u>Plaintiffs' action must be dismissed as Defendants are not state actors capable of being sued under Section 1983.</u>

Plaintiffs allege criminal activity and misrepresentations by Defendants in the filing and administration of their parents' succession proceedings.

Plaintiffs have failed to allege a cognizable claim arising under federal law. "To state a claim under Section 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." <u>Leffall v. Dallas Independent School District</u>, 28 F.3d 521, 525 (5th Cir. 1994).

#### A. <u>Douglas Self and Geraldine Johnson.</u>

"As a threshold matter, for a plaintiff to state a viable claim under Section 1983 against any private defendant [. . .] the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law." <u>Morris v. Dillard Dep't Stores, Inc.</u>, 277 F.3d 743, 747 (5th Cir. 2001) (citing <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 924 (1982)). There must be "such a close nexus between the State and the challenged action [ ] that seemingly private

behavior may be fairly treated as that of the State itself." Id. at 747-48. Thus, private citizens, like Defendants Self and Johnson, only become state actors when their actions are "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. at 937.

Plaintiffs state in their supplemental pleading that they are not adding any new claims or events, but only adding Defendants Self and Johnson, who Plaintiffs claim used a state prejudgment statute to act under the color of law. (See Doc. 11, p. 1). However, Plaintiffs' Complaint alleges issues with the judgement in the succession proceedings and appeals stemming from those judgments. There is no evidence of any sort of prejudgment statute; rather, Plaintiffs simply appear to be parroting the language in Lugar. Mere conclusory statements and recitals of the elements of a cause of action do not suffice. Furthermore, "[i]t is well –established that no 'state action' is involved when the state merely opens its tribunals to private litigants." Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 224 (5th Cir. 2008) (unpublished). Defendants Douglas and Self are not state actors. Accordingly, any Section 1983 claim Plaintiffs may be asserting against Defendants Self and Johnson should be dismissed.

### B.  Fifth District State Court, Louisiana Second Circuit Court of Appeals, and the Louisiana Supreme Court.

The Louisiana Fifth Judicial District Court, along with Judge Ann B. McIntyre, filed a Motion to Dismiss for insufficient service of process, for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6), and for absolute immunity pursuant to 28

7

U.S.C. § 1915(e)(2)(B). (Doc. 38). The Louisiana Second Circuit Court of Appeal also filed a Motion to Dismiss for lack of subject matter jurisdiction. (Doc. 17).

It is clear that a defendant in a Section 1983 suit must be a "person." The Fifth District State Court, Louisiana Second Circuit Court of Appeals, and the Louisiana Supreme Court are not persons, and thus cannot be sued under Section 1983. See Moity v. Louisiana State Bar Ass'n, 414 F.Supp. 180, 182 (E.D. La. 1976).

Furthermore, the Fifth District State Court, Louisiana Second Circuit Court of Appeal, and the Louisiana Supreme Court are entitled to Eleventh Amendment immunity from suit in federal court. Section 1983 does not override the Eleventh Amendment bar. Darlak v. Bobear, 814 F.2d 1055, 1059 (5th Cir. 1987). As a branch of Louisiana's government, the state courts have Eleventh Amendment immunity from suit in federal court. Wilkerson v. 17th Judicial Dist. Court, Parish of Lafourche, Civ. No. 08-1196, 2009 WL 249737 (E.D.La. Jan. 30, 2009) (citations omitted). The State of Louisiana has not waived its Eleventh Amendment immunity, and "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. R.S. 13:5106. For the reasons stated above, the Motions to Dismiss filed by the Louisiana Fifth Judicial District Court and the Louisiana Second Circuit Court of Appeal should be granted, and the claims against the Fifth District State Court, Louisiana Second Circuit Court of Appeal, and the Louisiana Supreme Court should be dismissed.

C. <u>Judge Ann B. McIntyre.</u>

As noted above, Judge Ann B. McIntyre and the Louisiana Fifth Judicial District Court filed a Motion to Dismiss for insufficient service of process, for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6), and for absolute immunity pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 38).

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1978). "[The judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967).

Judicial immunity is an immunity from suit. Judicial immunity can only be defeated by showing that the judge's actions were not taken in the judge's judicial capacity, or actions that were judicial in nature, but taken in the complete absence of jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991). In determining whether the complained of actions were judicial or non-judicial in nature, the Court should take into account a variety of factors. These factors include: "(1) whether the precise act

9

complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993).

Plaintiffs make conclusory and unsupported allegations referring to a lack of jurisdiction in state succession proceedings. Plaintiffs' Complaints only contain allegations of acts taken by Judge McIntyre in her judicial capacity during succession proceedings pending before her, namely the signing of judgments and pending orders. Accordingly, Judge McIntyre is entitled to judicial immunity, and her Motion to Dismiss should be granted.

### D. Brian Thompson, Clay Hamilton, and James M. Miller.

Defendant Brian Thompson ("Thompson") filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and/or 12(b)(6). (Doc. 21). Thompson contends that Plaintiffs have not stated a valid federal question or issue, but instead only alleged that Plaintiffs were defrauded out of their share of property in a succession. Thompson further states that Plaintiffs have not stated a cause of action upon which relief can be granted, as the Complaint only mentions Thompson twice. Thompson cites those two instances where Plaintiffs make vague and conclusory allegations regarding Thompson's conduct. Plaintiffs request the fees and interest they paid Thompson as relief.

"A lawyer, whether he/she is privately retained, court-appointed, or a public defender, does not act under the color of state law, which is a judicial prerequisite to any action under 42 U.S.C. § 1983." Jones v. South Carolina, Civ. No. 1:11-cv-00363, 2011 WL 6099545, at *3 (W.D. La. Oct. 28, 2011) (quoting Mills v. Greenville County, 586 F.Supp.2d 480, 485 (D.S.C. 2008); see also Combs v. City of Dallas, 289 Fed. Appx. 684, 687 (5th Cir. 2008) (unpublished) (private attorneys, even when appointed by the court, are not official state actors). Plaintiffs have generally stated that Defendants engaged in a deceptive scheme to defraud them under color of law. However, vague and conclusory allegations that defendants acted in concert with or under the color of authority are not sufficient to withstand dismissal, and Plaintiffs fail to state a cognizable civil rights claim against Thompson, Hamilton, and Miller. Therefore, Thompson's Motion to Dismiss (Doc. 21) should be granted, and the claims against Thompson, Hamilton, and Miller should be dismissed.

### IV. State Court Judgment.

Furthermore, to the extent that Plaintiffs use this Section 1983 action to contest the validity of the state courts judgment, they do so notwithstanding settled law. A plaintiff "may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Hagerty v. Succession of Clement, 749 F.2d 217, 219-20 (5th Cir. 1984) (citations omitted). If the state court made any constitutional error, Plaintiffs' recourse was to the United State Supreme Court, not to federal district court. Id. at 220. As Plaintiffs specifically request that the state court judgment of possession be declared null and void, the Court is further barred

11

by the probate court exception, and federal courts cannot interfere with the probate proceedings. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006).

### V. Plaintiffs' State Law Claims

To the extent that Plaintiffs assert claims under state law, the general rule is to dismiss supplemental claims when "anchoring" federal claims are dismissed. See 28 U.S.C. § 1367(c)(3); Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999). Therefore, Plaintiffs' supplemental state law claims should be dismissed.

### VI. Plaintiffs' Motion for Judgment on the Pleadings

A Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990). Rule 12(c) states that a party may move for judgment on the pleadings after the pleadings are closed.

Proper service has not yet been made in this case, and the pleading period has not closed. Therefore, Plaintiffs' Motion for Judgment on the Pleadings (Doc. 28) should be denied as premature. In any event, given the relief recommended, Plaintiffs' Motion for Judgment on the Pleadings should also be denied as moot.

### VII. Conclusion

Based on the foregoing,

IT IS RECOMMENDED that Defendants Judge Ann B. McIntyre and the Louisiana Fifth Judicial District Court's Motion to Dismiss be GRANTED. (Doc. 38).

IT IS FURTHER RECOMMENDED that Defendant Louisiana Second Circuit Court of Appeal's Motion to Dismiss be GRANTED. (Doc. 17).

IT IS FURTHER RECOMMENDED that Defendant Brian Thompson's Motion to Dismiss be GRANTED. (Doc. 21).

IT IS FURTHER RECOMMENDED that Plaintiffs' Motion for Judgment on the Pleadings be DENIED. (Doc. 28).

IT IS FURTHER RECOMMENDED that, upon *sua sponte* review, claims against the remaining Defendants, Douglas Self, Geraldine Johnson, Clay Hamilton, and James M. Miller, should be DISMISSED for the reasons stated above.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of January, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge